The opinion of the court was delivered by
Manning, C. J.
In January 1847, Leonora C. Frierson obtained judgment of separation of property, and a dissolution of the community of Acquets, against her husband William J. Frierson, which judgment was Advertised in the following month'. Her petition did not contain any money demand, but there was an allegation of the ownership of certain slaves, and of her desire to resume the administration of her property, and the fear of its loss through the disorder of her husband’s affairs.
In April 1852, Mrs. Frierson executed, with McMain and another, a note upon which suit was instituted, and judgment was finally rendered Against her therein in 1877. Turner v. McMain, 29 Annual, 298.
In June 1868, W. J. Frierson had acquired by purchase a lot and buildings thereon, in this City, and in March 1873 sold it to the plaintiff, Hardie. The defendants issued execution on their judgment against Mrs. Frierson, and caused to be seized all of her right and interest in "the lot and buildings above mentioned, ‘being the undivided half interest therein, arising from the legal community of acquets and gains existing between her and her late husband, at the time of his death.’ The sheriff advertised the sale on April 20, 1877, and Hardie injoined. That is the present suit.
The seizure was of course made on the assumption that the community of acquets between Mr. Frierson and his wife had never been dissolved. The defendants maintain that the judgment of separation *470 was null ab origine, because of the radical defects of want of publication, want of recording, and non execution.
The first ground falls before the proof of due and immediate publication, and the second is untenable in the-absence of any law requiring the judgment to be recorded to give it validity. If a judgment of the wife contain a recognition of a mortgage or privilege upon the property of the husband, it must be recorded to preserve the privilege and make known the mortgage, but for that purpose only. If, as in this case, there was no mortgage claimed or established, the recording of the judgment was not needed, for recording such judgment has not been made a requisite to its validity, as has been its publication and execution, when the latter requres legal process or a notarial act. And the non execution by such process or Act is not a defect in Mrs. Frierson’s proceedings, because a writ of fieri facias could not issue on such a judgment as she obtained, nor was a notarial Act necessary or proper, when there was no property of the husband transferred to her for the payment of her judgment, but a decree for her to resume the administration of her own. Jones v. Morgan, 6 Annual, 630.
There can be no pretence or suspicion that the judgment of separation was sought with the view of affecting the defendant’s rights. The note was executed b^’ Mrs. Frierson five years after the decree of separation, and they obtain ed j udgment upon it thirty years after its execution.
The validity of her judgment of separation was attacked several' years ago, and upon the ground that it had never been executed, and was therefore null; and that it was obtained by collusion, and was simulated. In Oser v. Frierson, where these objections were made, this court said, Mrs. Frierson obtained a judgment against her husband, setting aside the slaves as her property, and dissolving the community. The judgment thus rendered was published in accordance with the Code. Nothing more was required to give it full force and effect. Opinion Book, No. 29, p. 56.
Independent of all this, there is another fatal objection to the right of Turner, Wilson & Co. to make the seizure of this property. In their suit against Mrs. Frierson on her note, they alleged that, though a married woman, she was judicially separated in property from her husband, and based their right to a judgment against her on the fact of such judicial decree having been rendered, for there was no allegation or pretence that she was a public merchant, or that she was bound in any other way by her execution of the note than that, being separated ini property, she had a rignt to contract the obligation sued on. They cannot aver the legality and completeness of the separation in order to obtain a judgment against her, and afterwards contest the validity, of that separation in order to execute the judgment thus obtained..
*471 Mrs. Hardie intervened in the suit. She is the daughter of Mr. and Mrs. Frierson, and the conveyance of, Mr. Frierson to his son-in-law, the plaintiff, is attacked as a simulation. Suppose it is, a creditor of Mr. Frierson might attack it, but the defendants are not his creditors, and the proof of simulation of the conveyance would only subject the property conveyed to the claims of his creditors, and could not restore it to a community, which these defendants have in judicial proceedings alleged not to have existed since 1847. Therefore
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that the plaintiff now have judgment, maintaining and perpetuating his injunction, and for costs of both courts.